By the Court.
By the statute, 90 O. L. (Local), 450, the board of education of the city of Canton was made to consist of six members, of whom three were required to be chosen each year for a term of two years. • Thus in two years from the time of its > organization on the third Monday of April the term of office of every member of the board would have ■expired. The board which made this contract was •organized on the third Monday of April, 1899. The contract was made June 26,1899, as alleged by plaintiff, to commence July 1, 1899, and to run two years from that date. But the term of office of every member of the board which made the contract expired before Jhe contract would expire, namely, on the third Monday of April, 1901.
Section 4017, Revised' Statutes, relating to the ■employment of teachers, etc., provides that “no person shall be appointed for a longer time than that for which a member of the board is elected.” The *172 time-“for which a member, is elected” is in this instance two years from the third Monday of April. That is the limit of the teacher’s employment. It may be less. It must not be more. The apparent purpose of the general assembly is to prevent a board of education from continuing a teacher’s appointment for any time after the people may have' completely changed the organization and personnel of the board. We are therefore of the opinion that the board of education was without power to employ a teacher for the term which would expire after the term of office of every member of the board, employing him had expired by law. The circuit court therefore erred in sustaining the demurrer to the fifth defense.
But the judgment of the court of common pleas should have been affirmed on another ground. That court not only overruled the demurrer to the fifth defense, but to the first and third defenses also. The plaintiff declined to plead further and suffered final judgment to go against him. The circuit court found that the court of common pleas did not err in this, and in that we think that the judgments of both courts below are correct. For that reason the judgment of the court of common pleas should have been affirmed. •

The judgment of the circuit court is reversed and that of the court of common pleas is affirmed.

Spear, C. J., Davis, Shauck, Price, Crew‘ and Summers, JJ., concur.